# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

A&J MANUFACTURING, LLC,

      Plaintiff,

  v.

L.A.D. GLOBAL ENTERPRISES, INC.; and
HANGZHOU XIAOSHAN ZHENGDA
TEXTILE CO., LTD., a corporation of the
People's Republic of China,

      Defendants.

CIVIL ACTION NO.: 2:17-cv-50

## O R D E R

On April 27, 2017, Plaintiff filed a Complaint pursuant to 35 U.S.C. § 271 for patent infringement. (Doc. 1.) Defendant L.A.D. Global Enterprises, Inc. ("Defendant LAD") waived service and filed a Motion to Dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). (Docs. 6, 9.) In response, Plaintiff opposed Defendant LAD's Motion and, alternatively, moved to transfer venue to the United States District Court for the District of Kansas, where Defendant LAD resides. (Doc. 10; see also doc. 9-1, pp. 2–3.) On February 7, 2018, the Court administratively stayed discovery and Rule 26(f) deadlines pending resolution of these motions. (Doc. 14.) The case has remained stayed since that time, and Defendant Hangzhou Xiaoshan Zhengda Textile Co., Ltd. ("Defendant Hangzhou" or "Hangzhou"), a foreign corporation of China, remains to be served based on the record before the Court.

Prior to ruling on Plaintiff's and Defendant LAD's respective Motions, the Court wishes to hear from Plaintiff regarding the status of service on Defendant Hangzhou and Plaintiff's intentions as to continued legal action against Hangzhou. In its Response to Defendant LAD's

Motion to Dismiss, Plaintiff asserted that its "sole cause of action [is] patent infringement against LAD for its slavish copying of A&J's patented barbecue grill cover." (Doc. 10, p. 2.) However, Plaintiff has also alleged the same claim against Defendant Hangzhou in its Complaint. (Doc. 1, pp. 4–5, 9.) Nonetheless, in the Motion to Transfer Venue, Plaintiff seemingly requests transfer only of its action against Defendant LAD. (See Doc. 10, pp. 2, 4–5.)

Plaintiff's Motion to Transfer Venue proceeds as if Plaintiff's only claim is against Defendant LAD, and Plaintiff has yet to show proof of service or to provide information regarding its efforts to serve Defendant Hangzhou, despite having filed suit more than eighteen months ago. As such, the Court cannot discern whether Plaintiff seeks to transfer its action against both Hangzhou and Defendant LAD. Although the 90-day time limit for service under Federal Rule of Civil Procedure 4(m) "does not apply to service in a foreign country," Plaintiff still has the obligation to dutifully prosecute its case. "Despite there being no time requirement under the Federal Rules, a plaintiff does not have an unlimited amount of time to serve a foreign country defendant." Plantation Gen. Hosp., L.P. v. Cayman Islands, No. 09-60884-CIV, 2010 WL 731853, at *1 (S.D. Fla. Feb. 26, 2010) (citing Nylok Corp. v. Fastener World Inc., 369 F.3d 805, 807 (7th Cir. 2005). Moreover, Defendant LAD opposes venue transfer in part due to the outstanding service issue.[1] (Doc. 11.)

In light of the dearth of information regarding service on Defendant Hangzhou and Plaintiff's venue transfer motion that is silent with respect to Hangzhou, the Court HEREBY **ORDERS** Plaintiff to update the Court as to the status of its efforts to serve Defendant Hangzhou

---

[1] Defendant LAD speculates that "the present lawsuit could not have been brought in the District of Kansas because . . . Hangzhou could not be served there." (Doc. 11, p. 3.) But see In re HTC Corp., 889 F.3d 1349, 1356 (Fed. Cir. 2018) ("[V]enue laws (as opposed to the requirements of personal jurisdiction) do not restrict the location of suits against alien defendants . . . . [S]uits against alien defendants are outside the operation of the federal venue laws.").

and whether it intends to continue legal action against Hangzhou in this Court, or at all, within **seven (7) days** of the date of this Order. Further, Plaintiff's response must inform the Court whether it seeks to sever Defendant Hangzhou from this case and have its remaining claims against Defendant LAD transferred, or whether it seeks to transfer the entire action. If Plaintiff seeks to transfer the entire action, it must show that the case could have been originally brought in the District of Kansas.[2] Upon receipt of Plaintiff's response to this Order, the Court will proceed with resolution of each party's pending motion.

**SO ORDERED**, this 3rd day of December, 2018.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] See Grey v. Cont'l Mktg. Assocs., Inc., 315 F. Supp. 826, 830 (N.D. Ga. 1970) (To have a case transferred under 28 U.S.C. § 1406(a) a party must show, *inter alia*, "that the case could have been brought" in the district where transfer is sought.)