# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

A&J MANUFACTURING, LLC,

    Plaintiff,

v.

L.A.D. GLOBAL ENTERPRISES, INC.; and
HANGZHOU XIAOSHAN ZHENGDA
TEXTILE CO., LTD., a corporation of the
People's Republic of China,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-50

## **O R D E R**

This matter is before the Court on Defendant L.A.D. Global Enterprises, Inc.'s ("Defendant LAD") Motion to Dismiss, (doc. 9), and Plaintiff A&J Manufacturing, LLC's Response in Opposition to Defendant's Motion to Dismiss and Motion to Transfer Venue to the District of Kansas, (doc. 10). Plaintiff also filed a Notice of Dismissal Without Prejudice of Defendant Hangzhou Xiaoshan Zhengda Textile Co., Ltd. ("Defendant Hangzhou"). (Doc. 17.) For the reasons and in the manner set forth below, the Court **GRANTS** Plaintiff's Motion, (doc. 10), and **DENIES** Defendant's Motion, (doc. 9). Pursuant to Plaintiff's Notice, (doc. 17), Defendant Hangzhou is hereby **DISMISSED**. The Court **TRANSFERS** Plaintiff's Complaint and remaining claims against Defendant LAD to the United States District Court for the District of Kansas, First Division. Further, the Court **DIRECTS** the Clerk of Court to transfer all pleadings docketed in this Civil Action Number, including this Order, to the First Division of the District of Kansas and to **CLOSE** this case.

## BACKGROUND

On April 27, 2017, Plaintiff filed a Complaint pursuant to 35 U.S.C. § 271 for patent infringement. (Doc. 1.) Defendant LAD waived service and filed a Motion to Dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). (Docs. 6, 9.) In response, Plaintiff opposed Defendant LAD's Motion and, alternatively, moved to transfer venue to the United States District Court for the District of Kansas, where Defendant LAD resides. (Doc. 10; see also doc. 9-1, pp. 2–3.) Defendant LAD replied in opposition, (doc. 11), and the Court then administratively stayed discovery and Rule 26(f) deadlines pending resolution of these motions. (Doc. 14.)

On December 3, 2018, the Court directed Plaintiff to update the Court regarding the status of its case against unserved Defendant Hangzhou, and Plaintiff duly responded, (docs. 17, 18). In response, Plaintiff filed a Notice of Dismissal Without Prejudice, (doc. 17), voluntarily dismissing Defendant Hangzhou pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1] Plaintiff also reiterated its request that this infringement action be transferred to the United States District Court for the District of Kansas and demonstrated that it could have originally been brought in that court. (Doc. 18.) Defendant LAD, however, opposes transfer and seeks dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. (Docs. 9, 11).

---

[1] To the extent an Order of the Court is necessary, the Court orders that Defendant Hangzhou, which has not filed an answer or a motion for summary judgment, is hereby **DISMISSED**. See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment . . . ."); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

## LEGAL STANDARD

Under the patent venue statute, infringement actions are to be "brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). This section "is the sole and exclusive provision controlling venue in patent infringement actions," and its scope is not to be expanded by reference to the general federal venue statute, 28 U.S.C. § 1391. TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1519 (2017) (quoting Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 229 (1957)). Thus, a domestic corporation only "resides" in its state of incorporation for purposes of the patent venue statute. Id. at 1520. The United States Supreme Court's recent decision in TC Heartland reversed prior precedent of the Federal Circuit, VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1575, 1584 (Fed. Cir. 1990), which had expanded venue in patent actions, by reference to "reside" as defined in § 1391, to also include districts where defendants were subject to personal jurisdiction. See TC Heartland, 137 S. Ct. at 1520–21. Following TC Heartland, venue in a patent infringement action against a domestic corporation is proper only in the defendant's state of incorporation or in a judicial district where "the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); 137 S. Ct. at 1521.[2]

---

[2] The Supreme Court limited its decision in TC Heartland to the question presented regarding domestic corporations and did not address the issue of venue over foreign corporations. 137 S. Ct. at 1520 n.2 ("The parties dispute the implications of petitioner's argument for foreign corporations. We do not here address that question, nor do we express any opinion on this Court's holding in Brunette Machine Works, Ltd. v. Kockum Industries, Inc., 406 U.S. 706, 92 S. Ct. 1936, 32 L. Ed. 2d 248 (1972) (determining proper venue for foreign corporation under then existing statutory regime)."); see also In re HTC Corp., 889 F.3d 1349, 1356 (Fed. Cir. 2018) ("[V]enue laws (as opposed to the requirements of personal jurisdiction) do not restrict the location of suits against alien defendants . . . . [S]uits against alien defendants are outside the operation of the federal venue laws.").

Transfer of cases with improperly laid venue is governed by 28 U.S.C. § 1406(a). When a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id. Section 1406(a) avoids unjust dismissals where the plaintiff mistakenly thought that venue was appropriate by providing for transfer. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'" Leach v. Peacock, Civil Action No. 2:09-cv-738-MHT, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (quoting 28 U.S.C. § 1406(a)); see also Grey v. Cont'l Mktg. Assocs. Inc., 315 F. Supp. 826, 830 (N.D. Ga. 1970) (same). Trial courts generally have broad discretion in determining whether to transfer or dismiss a case. Leach, 2011 WL 1130596, at *4 (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

## DISCUSSION

Plaintiff seeks transfer of its case against Defendant LAD to the United States District Court for the District of Kansas, Kansas City-Leavenworth Division. (Doc. 18; see also doc. 10.) Defendant LAD, however, opposes transfer and seeks dismissal. (Docs. 9, 11.)

Defendant LAD opposes transfer because it contends that "the present lawsuit could not have been brought in the District of Kansas because [Defendant Hangzhou] could not be served there." (Doc. 11, p. 3.) Defendant also argues that the interest of justice would not be served by transfer because Plaintiff has delayed service, the lawsuit is in its infancy, and no statute of limitations clock is at issue. (Id. at pp. 3–5.) In response, Plaintiff shows that venue is proper in the District of Kansas and that its patent infringement claims against Defendant LAD could have originally been brought there. (Doc. 18, pp. 1–2.) Plaintiff further argues that the interest of justice

would be served by transfer because of the intervening change in venue law wrought by TC Heartland and because no issues remain outstanding with Defendant Hangzhou in light of the voluntary dismissal. (Id. at pp. 2–3.)

Prior to the Supreme Court's decision in TC Heartland, when Plaintiff filed its Complaint against Defendant LAD, (doc. 1), venue was likely proper in this Court under the Federal Circuit's controlling precedent. See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990) (finding patent venue proper in districts where a defendant would be subject to personal jurisdiction). After the Supreme Court narrowed the patent venue statute's ambit in TC Heartland, it became clear that venue was no longer proper in this Court. Following this change in law and Defendant LAD's corresponding Motion, Plaintiff sought transfer to a district where venue is indisputably proper—the District of Kansas. (Doc. 10; see also doc. 18.) When Plaintiff filed its Complaint on April 27, 2017, it could not have foreseen that the Supreme Court would restrict the then-existing scope of available venue in patent infringement cases less than one month later in TC Heartland.

Dismissing a case on venue grounds with this procedural posture would be plainly unjust. Dismissal, even without prejudice, would penalize Plaintiff for a change in the law over which it had no control and would result in an unnecessary expenditure of the parties' and the court system's resources, not to mention further delay. Moreover, both sides agree that venue over Defendant LAD would be proper in the United States Court for the District of Kansas. (Docs. 9, 10.) Because this action against Defendant LAD could have originally been brought in the District of Kansas, Section 1406(a) provides a remedy to avoid this unjust situation—transfer.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Transfer Venue to the District of Kansas, (doc. 10), and **DENIES** Defendant's Motion to Dismiss, (doc. 9). As Defendant LAD's

principle place of business is located in Johnson County, Kansas, (doc. 9-1, p. 2), venue is proper in the First Division of the United States District Court for the District of Kansas. 28 U.S.C. § 96. In the interest of justice, the Court **TRANSFERS** Plaintiff's Complaint and remaining claims against Defendant LAD to the United States District Court for the District of Kansas, First Division.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Transfer Venue to the District of Kansas, (doc. 10), and **DENIES** Defendant's Motion to Dismiss, (doc. 9). Pursuant to Plaintiff's Notice, (doc. 17), Defendant Hangzhou is hereby **DISMISSED**. The Court **TRANSFERS** Plaintiff's Complaint and remaining claims against Defendant LAD to the United States District Court for the District of Kansas, First Division. Further, the Court **DIRECTS** the Clerk of Court to transfer all pleadings docketed in this Civil Action Number, including this Order, to the First Division of the District of Kansas and to **CLOSE** this case.

**SO ORDERED**, this 7th day of January, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA